E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JOSHUA J. LEE (Cal. Bar No. 318332)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3183
    Facsimile: (213) 894-0142
    E-mail:    Joshua.Lee2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:24-cr-00214-MEMF |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT YURI KHATCHIKYAN |
| v. | |
| YURI KHATCHIKYAN,<br>  aka "Ghost," | |
| Defendant. | |

    1.  This constitutes the plea agreement between YURI KHATCHIKYAN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.  Defendant agrees to:

    a.  At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count three of the indictment in United States v. YURI KHATCHIKYAN, No. 2:24-cr-00214-


9/23/24

MEMF, which charges defendant with wire fraud, in violation of 18 U.S.C. § 1343.

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.    At or before the time of sentencing, make a prejudgment payment by delivering a certified check or money order to the Fiscal Clerk of the Court in the amount of $310,833 to be applied to satisfy defendant's anticipated criminal debt.  Defendant agrees to sign a stipulation for an order directing the clerk of the court to accept any prejudgment payment.  Payments may be made by cashier's check, business check or money order to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

i.    Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The

2

government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

j.    Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

k.    Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

l.    Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

m.    Allow funds previously seized in connection with this matter in the amount of $59,950, unless subject to forfeiture, to be applied by the Court to pay, in order of application, restitution, special assessments, criminal fines, and costs that defendant is required to pay, and execute papers as necessary to accomplish this application.

///

///

///

3

3.   Defendant further agrees:

a.   To the abandonment to the United States of any interest of defendant in the following property, seized by law enforcement on or about April 11, 2024:

i.   One Black Smith & Wesson handgun, serial number KAR5147;

ii.  Any and all gun attachments and magazines;

iii. Any and all ammunition; and

iv.  Any and all narcotics and paraphernalia. (collectively, the "Seized Property").

b.   Acknowledge that he is the sole owner of the Seized Property, and that no other person or entity has an interest in the Property.

c.   Complete any legal documents (including, but not limited to, an ATF Form 3400.1 – Abandonment) required for the transfer of title of the Property to the United States.

<u>THE USAO'S OBLIGATIONS</u>

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

4

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.   Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. § 922(g)(1) arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 11 below. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

f.   With respect to count three, recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 18 or higher and provided that the Court does not depart downward in offense level or criminal history category. For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

1

## NATURE OF THE OFFENSE

2    5.   Defendant understands that for defendant to be guilty of
3   the crime charged in count three, that is, wire fraud, in violation
4   of 18 U.S.C. § 1343, the following must be true: (1) defendant
5   knowingly participated in, devised, or intended to devise a scheme or
6   plan to defraud, or a scheme or plan for obtaining money or property
7   by means of false or fraudulent pretenses, representations, promises,
8   or omitted facts; (2) the statements made or facts omitted as part of
9   the scheme were material, that is, they had a tendency to influence,
10  or were capable of influencing, a person to part with money or
11  property; (3) defendant acted with the intent to defraud, that is,
12  the intent to deceive or cheat; and (4) defendant used, or caused to
13  be used, an interstate wire communication to carry out or attempt to
14  carry out an essential part of the scheme.

15

## PENALTIES AND RESTITUTION

16   6.   Defendant understands that the statutory maximum sentence
17  that the Court can impose for a violation of 18 U.S.C. § 1343, is: 20
18  years' imprisonment; a three-year period of supervised release; a
19  fine of $250,000 or twice the gross gain or gross loss resulting from
20  the offense, whichever is greater; and a mandatory special assessment
21  of $100.

22   7.   Defendant understands that defendant will be required to
23  pay full restitution to the victim(s) of the offense to which
24  defendant is pleading guilty.  Defendant agrees that, in return for
25  the USAO's compliance with its obligations under this agreement, the
26  Court may order restitution to persons other than the victim(s) of
27  the offense to which defendant is pleading guilty and in amounts
28  greater than those alleged in the count to which defendant is

pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts and charges.  The parties currently believe that the applicable amount of restitution is approximately $310,833 but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

8.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.  Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences,

including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant will also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

11.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is

not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on an unknown date, but no later than on or about July 2020, and continuing until at least on or about June 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant knowingly committed wire fraud, in violation of 18 U.S.C. § 1343.  Specifically, defendant executed a fraudulent scheme to obtain money and property by means of intentional materially false or fraudulent pretenses, representations, or promises, and caused various interstate wires to further the scheme.

Defendant submitted and caused to be submitted fraudulent Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan ("EIDL") applications to various lenders, including the Small Business Administration ("SBA") and the Harvest Small Business Finance, LLC ("Harvest").

On or about July 3, 2020, from Glendale, California, within the Central District of California, defendant submitted a fraudulent EIDL application via interstate wire for a company called Lodestar Logistics, Inc. ("Lodstar"), an alleged tractor trailer transportation business.  The application contained falsities about Lodestar, including that Lodestar earned $314,000 in revenue in 2019. Defendant knew and intended that SBA would rely on these materially false statements and representations in determining whether to fund the loan.  The loan was approved, and on July 23, 2020, defendant signed the loan application using Docusign, certifying that the representations in the loan application were true.  Docusign's

servers are located outside of California.  On August 3, 2020, the SBA deposited $144,900 into the Lodestar bank account.

On or about July 24, 2020, from Glendale, California, defendant submitted a fraudulent EIDL loan application via interstate wire for a company called YURIY KHATCHIKYAN, an alleged trucking transportation business.  The application contained falsities, including that YURIY KHATCHIKYAN earned $315,000 in revenue in the 12 months before January 31, 2020, and that defendant was not convicted of a felony in the last five years.  In fact, defendant had been convicted of a felony crime of assault with force likely to produce great bodily injury, in violation of California Penal Code Section 245(a)(4), on or about February 7, 2020, and YURIY KHATCHIKYAN had not earned $315,000 in revenue in the 12 months before January 31, 2020.

Defendant knew and intended that SBA would rely on these materially false statements and representations in determining whether to fund the loan.  The loan was approved, and that same day, defendant signed the loan application using Docusign, certifying that the representations in the loan application were true.  On August 4, 2020, the SBA deposited $144,900 into a bank account owned by defendant.

Defendant used the fraudulently obtained proceeds for a variety of things, including to purchase a home at 15921 Foothill Boulevard in Sylmar, California on or about September 29, 2020.

On or about May 20, 2021, defendant submitted a false PPP loan application via interstate wire to approved lenders, including Harvest, for YURIY KHATCHIKYAN.  The application contained falsities about YURIY KHATCHIKYAN, including that YURIY KHATCHIKYAN had

$103,251 in revenue in 2020.  Defendant knew and intended that Harvest would rely on these materially false statements and representations in determining whether to fund the loan.  The loan was approved, and on June 1, 2021, Harvest deposited $20,833 into a bank account owned by defendant.

During the fraudulent scheme, defendant caused actual losses of at least $310,833.

On or about April 11, 2024, as law enforcement began executing a search warrant at defendant's home, defendant walked out of his house into the backyard and placed an unregistered black Smith & Wesson handgun, bearing serial number KAR5147, into a bush.

## SENTENCING FACTORS

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:            7        U.S.S.G. § 2B1.1(a)(1)

Loss Exceeded $250,000:          +12      U.S.S.G. § 2B1.1(b)(1)(G)

Possession of Firearm:          +2      U.S.S.G. § 2B1.1(b)(16)(B)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

14.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

16.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.    The right to persist in a plea of not guilty.

    b.    The right to a speedy and public trial by jury.

    c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

17.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

18.    Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 18 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment

imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $310,833; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

20.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 18 and the criminal history category calculated by the Court, the USAO gives up its right

14

to appeal any portion of the sentence, with the exception that the
USAO reserves the right to appeal the following: the amount of
restitution ordered if that amount is less than $310,833.

RESULT OF WITHDRAWAL OF GUILTY PLEA

21.  Defendant agrees that if, after entering a guilty plea
pursuant to this agreement, defendant seeks to withdraw and succeeds
in withdrawing defendant's guilty plea on any basis other than a
claim and finding that entry into this plea agreement was
involuntary, then (a) the USAO will be relieved of all of its
obligations under this agreement; and (b) should the USAO choose to
pursue any charge or any allegation of a prior conviction for a
serious violent felony that was either dismissed or not filed as a
result of this agreement, then (i) any applicable statute of
limitations will be tolled between the date of defendant's signing of
this agreement and the filing commencing any such action; and
(ii) defendant waives and gives up all defenses based on the statute
of limitations, any claim of pre-indictment delay, or any speedy
trial claim with respect to any such action, except to the extent
that such defenses existed as of the date of defendant's signing this
agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22.  Defendant agrees that if the count of conviction is
vacated, reversed, or set aside, both the USAO and defendant will be
released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

23.  This agreement is effective upon signature and execution of
all required certifications by defendant, defendant's counsel, and an
Assistant United States Attorney.

15

<u>BREACH OF AGREEMENT</u>

24.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

25.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any allegation of a prior conviction for a serious violent felony that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

26.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.  While this paragraph permits

both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28.    Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

29.    Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

///

///

///

///

1        PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        30.    The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   E. MARTIN ESTRADA
    United States Attorney

9

10                                                      10/29/24
    _____          _____
11  JOSHUA J. LEE                             Date
    Assistant United States Attorney

12                                                      9/27/24
    _____          _____
13  YURI KHATCHIKYAN                          Date
    Defendant

14                                                      9/27/24
    _____          _____
15  RON HEDDING                               Date
    Attorney for Defendant
16  YURI KHATCHIKYAN

17

18

19

20

21

22

23

24

25

26

27

28

                                    19

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

X _____          _____9/27/24_____
YURI KHATCHIKYAN                            Date
Defendant

20

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am YURI KHATCHIKYAN's attorney.   I have carefully and
thoroughly discussed every part of this agreement with my client.
Further, I have fully advised my client of his rights, of possible
pretrial motions that might be filed, of possible defenses that might
be asserted either prior to or at trial, of the sentencing factors
set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set
forth in this agreement is sufficient to support my client's entry of
a guilty plea pursuant to this agreement.

RON HEDDING
Attorney for Defendant
YURI KHATCHIKYAN

Date 9/27/24